Overton, J.
 

 (Sitting alone.) There are two grounds made for a new trial both of which came to the knowledge of the defendant, or his agent Outlaw, since the last trial. The first is that there was fraud used in the procurement of the grant b Donnelson, of the 50,000 acre tract; upon this part of
 
 *232
 
 the case, it is sufficient to observe, that whatever my own opinion might be respecting the reception of evidence in a court of law, to invalidate a grant for fraud, I am bound by the decision of a majority of the court.
 

 In North Carolina, we know that such evidence is not admissible, as will appear by the uniform current of decisions, reported by Haywood, in his first volume. Nor does the case in 2 Haywood, 98, in the smallest degree weaken other decisions on this subject,the ground of that decision being entirely different. It is however insisted, that the third and ninth sections of the act of Nov. 1777, c. 1. warrants the introduction of any evidence which may go to shews, that the grant was not obtained agreeably to law. What the state might do in repealing, or avoiding, a grant by
 
 sci. fa.
 
 I will not undertake to say ; but certain I am, that the act of 1777, provides no remedy after the issuance of a grant between citizen and citizen;
 

 It is not new necessary for me to say how the practice of permitting equitable matter to be given in evidence to a jury in ejectment, came into existence ; nor whether it be consistent with legal principles, or not. If it is permitted, that evidence of an equitable nature may be given on one side, it cannot be refused on the other.
 

 Suppose the testimony contemplated by the first ground to be introduced, it would certainly be competent to the claimant under the 50,000 acre grants, to introduce testimony in support of his claim. He would shew that he was a purchaser for a valuable consideration, without notice of fraud; and then the defendant would be estopped.
 
 *
 
 But it is argued, that once a fraud always a fraud. Whence this noted aphorism could have arisen, I am not able to say. The expression is used in the case of Baugh vs. Price, in first Wilson’s Reports, and if it is applied to cases similarly situated, it is correct. From my understanding of the books, it seems to be a principle clearly deducible from them, that a man who has a legal title to land, which he procured fairly, and a for
 
 bona fide,
 
 consideration, without notice of fraud in others, never can he touched or affected in
 
 *233
 
 any court either of law, or equity. See. Rob. F. C. 502. Maryl. Rep 222. 2. Johns. 524,573.2. Ver. 599.751. 271.Amb. 313. 1. Johns. 537. Newton. cont. 510. 2. Eq. C. 244. Cowp. 278; 3. Atk. 407.650 1. Wash. 41. 2. 337. 217. 3. Hen and Mun. 144. 316. 1. Call. 443; 2. Mass. Rep.
 
 508.
 
 4. Mass. 639. Fraud is an objection as it respects the purchase of real property that is always
 
 ad haminem.
 
 Kam. Pr. Eq. 342. 3. 4. 5. 6. see. Sugd. 86.
 

 A new trial therefore cannot be granted on this ground.
 

 In relation to the second ground taken, it will be recollected, that the grant of 50,000 acres calling for certain limits, excludes lands previously granted. Had older grants been shewn on the trial, it would have effectually opposed the claim of the plaintiff ; but whether we can open the case for the purpose of letting in this testimony, is another question. I am disposed to think we cannot.
 
 It
 
 would leave too great room for speculation. A man would oppose his own claim in the first instance, so as by way of experiment, to ascertain the hard points, of a cause, and if he failed, then set about hunting up another claim. Grants are of record, and the defendant might have made this discovery before trial. We are not to assist the negligence of parties.
 

 2 Binn.582 1 Bay. 262
 

 *
 

 3. Binn.
 
 54,
 
 66. Rob on F. c. 50 2 Newl. 510. 511 Sugd. 476